IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. DKC 13-cr-0204-2 |
| | : | |
| DAMON JEROME ESTEP | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion under an 18 U.S.C. § 3582(c)(2) to reduce sentence filed by Damon Jerome Estep. Over the years, based on the changing interpretation of eligibility for the reduction, the parties have submitted letters outlining their respective positions. At present, it appears clear to this court that Mr. Estep is eligible for consideration. The Supreme Court of the United States, in *Hughes v. United States*, 138 S.Ct. 1765, 1775 (2018), "significantly expanded the circumstances in which a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement may be granted a sentence reduction under § 3582(c)(2)." *United States v. Smith*, 744 Fed.Appx. 805, 806 (4th Cir. Dec. 7, 2018). The parties and the court spent considerable time at the plea colloquy and sentencing hearing speaking about the guidelines. While other factors played a role in the parties' decisions to agree to the "C" plea and in the

court's decision to accept the range, the sentencing guidelines were anything but irrelevant.

The court also concludes that Mr. Estep deserves a reduction. Although the sentence modification process is not a plenary resentencing, the court must consider applicable § 3553(a) factors, including mitigating factors not available at the original sentencing. *United States v. Martin*, 916 F.3d 389, 395-96 (4th Cir. 2019). The government points to the offense conduct, Mr. Estep's criminal history, and the benefit he received from the government's agreement to withdraw notice under 21 U.S.C. § 851 that would have increased the mandatory minimum. It also points out that the court and the parties were aware of the potential change to the sentencing guidelines. In fact, the court pointed out that the 188-month sentence would have been the top of the guidelines had that potential change occurred. (ECF No. 208, at 31). While the defense acknowledges all of those considerations, it highlights Mr. Estep's conduct while in prison, along with the supportive documents from family members.

Under the circumstances, and considering the § 3553(a) factors, the court will reduce Mr. Estep's sentence to 151 months. This sentence is still a significant term of imprisonment, reflective of the seriousness of the criminal conduct, including

his role in the offense and his criminal history.  The government perceives that it is losing the benefit of its agreement not to pursue the § 851 enhancement.  That is simply the consequence of the changing sentencing law.  Judge Bredar, in the case of Rodney Peters, Case No. 11-cr-00003-JKB-27, remarked on the evolution of the U.S. Attorney's Office's positions on use of the § 851 notices and plea bargaining in general.  (Case No. 11-cr-00003-JKB-27 ECF No. 1387, at 7-15).  The parties may also have taken into account the possible lowering of the guidelines by amendment, although they could not know whether any such amendment would be made retroactive.  The parties' calculus during the initial plea bargaining is not a major factor at this time.  Mr. Estep's conduct since the original sentencing is a mitigating factor and deserving of recognition.  Accordingly, by separate order, the court will resentence Mr. Estep to 151 months, the bottom of the revised range.


January 14, 2020                         /s/
                              _____
                              DEBORAH K. CHASANOW
                              United States District Judge




                                3